IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| FREDERICK MUTUAL INSURANCE CO., | : : : | CIVIL ACTION |
| Plaintiff, | : : | |
| v. | : : | No. 15-0764 |
| KP CONSTRUCTION D/B/A MARK KATONA ROOFING, TEPPER PROPERTIES, INC., and JOHN PERNA, | : : : : : : | |
| Defendants. | : : | |

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**                                                        **MAY 20, 2015**

      Presently before this Court is Defendant, Tepper Properties, Inc.'s ("Tepper"), Motion to Dismiss for Lack of Jurisdiction, and Plaintiff, Frederick Mutual Insurance Co.'s ("FMIC"), Response. For the reasons set forth below, the Motion is denied.

**I.**      **BACKGROUND**

      On February 17, 2015, FMIC filed a Complaint against Tepper, Defendant, KP Construction D/B/A Mark Katona Roofing ("Katona"), and Defendant, John Perna ("Perna"), seeking a declaratory judgment to determine its right and obligations under an insurance policy (the "Policy") it issued to Katona and Perna. See Compl. Jurisdiction is based on diversity of citizenship, and Tepper claims that damages are in excess of $75,000. See 28 U.S.C. § 3332.

      Underlying the instant action is a civil action currently pending in the Montgomery County Court of Common Pleas filed by Tepper against Katona and Perna. (Def.'s Mot. to

Dismiss, Ex. A.)  In that action, Tepper brought suit against Katona and Perna in connection with a contract for roofing services related to the replacement of a roof on a multi-family dwelling owned by Tepper.  (Id.)  Tepper claims that, instead of replacing the roof, Katona and Perna patched the existing roof, which caused damage to the building and the internal apartments.  (Id.)  The state court complaint ("State Complaint") alleges damages in excess of $50,000.  (Id.)  Tepper asserts that prior to filing the instant action, Katona and Perna placed FMIC on notice of the "First-Filed State Action," resulting in FMIC seeking to disclaim coverage under the insurance policy.  (Id. at 2.)

Tepper filed the instant Motion to Dismiss on April 10, 2014.  (Doc. No. 4.)  FMIC filed a Response on April 29, 2015.[1]  (Doc. No. 8.)

## II.     STANDARD OF LAW

A district court has original jurisdiction over a civil action where the litigation involves citizens of different States, and "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 3332.

28 U.S.C. § 1332(a) provides in relevant part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
>     (1) citizens of different States.

28 U.S.C. § 1332(a).

"The party asserting jurisdiction bears the burden of showing that at all stages of the

---

[1] Katona and Perna also filed a Motion to Dismiss for Lack of Jurisdiction on May 5, 2015.  (Doc. No. 10.)  To date, FMIC has not responded to this Motion.

litigation the case is properly before the federal court." Samuel–Bassett v. KIA Motors Am. Inc., 357 F.3d 392, 396 (3d Cir. 2004) (citing Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1045 (3d Cir. 1993)).

## III. DISCUSSION[2]

### A. Amount in Controversy

Tepper asserts that FMIC has not established that the amount in controversy in this action exceeds $75,000. (Def.'s Mot. at 4.) Tepper states that "Plaintiff's Complaint is the result of the First-Filed State Action in which Defendant Tepper suffered damages in excess of $50,000.00," and that "[t]here is no allegation that Defendant Tepper suffered any harm in excess of $75,000.00 and the only damages that Plaintiff could be potentially liable for are those suffered by Defendant Tepper in the underlying First-Filed State Action." (Id.) Tepper further argues that FMIC "offers no factual evidence, citation, or support to otherwise bolster its claim that the underlying First-Filed State Action[3] somehow increased in value from 'excess of $50,000.00' as plead[ed] in Defendant Tepper's Complaint to the Plaintiff's Complaint stating the amount is now in excess of $75,000.00." (Id. at 4-5.) We disagree.

The determination of the amount in controversy begins with a reading of the complaint. Samuel-Bassett, 357 F.3d at 398; see also Angus v. Shiley Inc., 989 F.3d 142, 145 (3d Cir. 1993) (asserting that the amount of controversy is generally decided from the face of the complaint). In this case, we look to the State Complaint filed by Tepper against Katona and Perna. When a

---

[2] There is no dispute that complete diversity exists between all parties in this action.

[3] We note that Tepper does not offer any support of the significance of its State Complaint being the "First-Filed State Action" upon our determination of whether the amount in controversy exceeds $75,000 for federal jurisdiction purposes.

complaint does not explicitly limit a plaintiff's damages to an amount under the federal diversity threshold, a district court must independently appraise the value of the claims.[4] See Angus, 989 F.2d at 146.  This is measured by "a reasonable reading of the value of the rights being litigated." Id.; see also Judon v. Travelers Property Cas. Co. of America, 773 F.3d 495, 507 (3d Cir. 2014). Estimations of the total damage must be realistic, and the inquiry into whether the amount is met "should be objective, and not based on fanciful, 'pie-in-the-sky,' or simply wishful amounts, because otherwise the policy to limit diversity jurisdiction will be frustrated." Samuel-Bassett, 357 F.3d at 403.  Moreover, even if a plaintiff states that his claims fall below the threshold, this Court must look to see if the plaintiff's actual monetary demands in the aggregate exceed the threshold, irrespective of whether the plaintiff states that the demands do not.  Id.

Here, on the face of the State Complaint, Tepper seeks a judgment against Katona and Perna in "an amount in excess of fifty thousand dollars ($50,000)."  (Pl.'s Resp., Ex. A.) However, we are of the opinion that the allegations and demands in the State Complaint itself establish that the amount in controversy exceeds $75,000.  The State Complaint states that Tepper and Katona entered into a written contract dated September 14, 2011, regarding replacement of the entire roof for an agreed upon fee of $25,000.  (Id. at ¶¶ 12-13.)  Even before the completion of the project by Katona, Tepper "became aware of certain defects in the

---

[4] Although "[t]he plaintiff is the master of her claim," and, "may limit [his] monetary claims to avoid the amount in controversy threshold," the United States Court of Appeals for the Third Circuit has cautioned that "plaintiffs in state court should not be permitted to ostensibly limit their damages to avoid federal court only to receive an award in excess of the federal amount in controversy requirement."  Morgan v. Gay, 471 F.3d 469, 474-77 (3d Cir. 2006).  Thus, even if a party states that his claims fall below the jurisdictional threshold amount, it is the duty of the District Court to make an independent inquiry into whether the party's claims exceed the amount in controversy threshold.  Id.

construction of the roof," and alleged that there was water infiltration in many of the upstairs apartments. (Id. ¶¶ 18-19.) Thereafter, Tepper hired another roofer, as well as a structural engineer, and allegedly learned that Katona, rather than replacing the roof, only partially laid new roof over multiple layers of pre-existing roof. (Id. ¶¶ 23-24.) In the State Complaint, Tepper has alleged several items of faulty workmanship, including claims that Katona's conduct was intentional in that Katona acted to conceal the faulty workmanship with reckless disregard for Tepper's property. (Id. ¶¶ 26, 29-30.)

The State Complaint avers causes of action for breach of contract, breach of express warranty, breach of implied warranty, and breach of Pennsylvania's Unfair Trade Practices and Consumer Protection Law (the "Act"), 73 P.S. § 201 et. seq. (Id. ¶¶ 36-66.) Under this Act, Tepper alleges entitlement to an award three times the amount of its actual damages. (Id. at ¶ 64.) In addition, under this claim, Tepper specifically states that it "will have to spend an amount in excess of $50,000, plus costs and attorneys' fees." (Id. ¶ 66.) Simple math indicates that trebling Tepper's alleged damages, in addition to attorneys' fees and costs, would amount to more than $150,000 in damages demanded.[5] Furthermore, Tepper claims that it is entitled to punitive damages. (Id. ¶ 31.) Overall, we find that Tepper cannot make a convincing argument that the amount in controversy in this case is less than $75,000 when it has asked for treble damages in its state court action and punitive damages as well.

Moreover, Katona has tendered its defense and indemnification to FMIC pursuant to the Policy for the claims asserted against it. FMIC asserts that it will incur defense expenses in the

---

[5]Tepper requests in the State Complaint that the court award "three times the damages incurred by Plaintiff, together with consequential damages, interest, costs, attorneys fees and any other costs that this Court deems just and proper." (Pl.'s Resp., Ex. A at 12.)

5

underlying matter of more than $38,000 in defending Katona. (Pl.'s Resp. at 6.) It maintains that it has already incurred expenses of approximately $13,300 in defense of Katona and expects to incur at least an additional $25,000 in conjunction with that defense.[6] (Id.) Thus, assuming arguendo, that FMIC is unsuccessful in its declaratory action, it will be potentially obligated to indemnify Tepper for the damages awarded it in state court which could amount to more than $150,000, as well as, incur its own costs and attorneys' fees in defending Tepper.

## IV.     CONCLUSION

In light of the aforementioned findings, we hold that the amount in controversy in this action exceeds $75,000, and the requirements for federal jurisdiction have been satisfied. Consequently, Tepper's Motion to Dismiss for Lack of Jurisdiction is denied.

An appropriate Order follows.

---

[6] FMIC has submitted an affidavit from John Macharsky, Vice President and Chief Claims Officer of FMIC, which states that FMIC has incurred approximately $13,300 to date in defending Katona, and expects to incur at least $25,000 more in the future. (Pl.'s Resp., Ex. B.)