IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| FREDERICK MUTUAL INSURANCE CO., | : <br> : <br> : CIVIL ACTION <br> : |
| Plaintiff, | : <br> : |
| v. | : No. 15-0764 <br> : |
| KP CONSTRUCTION D/B/A MARK KATONA ROOFING, TEPPER PROPERTIES, INC., and JOHN PERNA, | : <br> : <br> : <br> : <br> : |
| Defendants. | : <br> : |

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**                                                        **JUNE 15, 2015**

Presently before this Court is Defendants, KP Construction and John Perna's (collectively, "Defendants"), Motion to Dismiss for Lack of Jurisdiction, and Plaintiff, Frederick Mutual Insurance Co.'s ("FMIC"), Response. For the reasons set forth below, the Motion is denied.

**I.    BACKGROUND**

On February 17, 2015, FMIC filed a Complaint against Tepper Properties, Inc. ("Tepper"), KP Construction D/B/A Mark Katona Roofing ("Katona"), and John Perna ("Perna") seeking a declaratory judgment to determine its right and obligations under an insurance policy (the "Policy") it issued to Katona and Perna. See Compl. Jurisdiction is based on diversity of citizenship,[1] and that the amount in controversy is in excess of $75,000. See 28 U.S.C. § 3332.

---

[1] There is no dispute that complete diversity exists between all parties in this action.

Underlying the instant action is a civil action currently pending in the Montgomery County Court of Common Pleas filed by Tepper against Katona and Perna. (Pl.'s Resp., Ex. A.) In that action, Tepper brought suit against Katona and Perna in connection with a contract for roofing services related to the replacement of a roof on a multi-family dwelling owned by Tepper. (Id.) Tepper claims that, instead of replacing the roof, Katona and Perna patched the existing roof, which caused damage to the building and the internal apartments. (Id.) The state court complaint ("State Complaint") alleges claims for breach of contract, breach of express warranty, breach of implied warranty, and breach of Pennsylvania's Unfair Trade Practices and Consumer Protection Law (the "UTPCPL"). See Compl. It also seeks damages in excess of $50,000.[2] (Id.)

Tepper filed a Motion to Dismiss for Lack of Jurisdiction in this Court on April 10, 2014, arguing that the amount in controversy in this action does not exceed $75,000. (Doc. No. 4.) This Court denied the Motion on May 21, 2015. See Frederick Mut. Ins. Co. v. KP Const., No. 15-0764, 2015 WL 2417742, at *1 (E.D. Pa. May 21, 2015). Defendants filed their own Motion to Dismiss for Lack of Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) on May 5, 2015. (Doc. No. 10.) FMIC filed a Response in Opposition on May 26, 2015. (Doc. No. 13.)

## II. STANDARDS OF LAW

### A. Jurisdiction

A district court has original jurisdiction over a civil action where the litigation involves citizens of different States, and "where the matter in controversy exceeds the sum or value of

---

[2] The UTPCPL authorizes a court to award treble damages and attorneys' fees. See Pa.C.S.A. § 201-92.2. The State Court Complaint seeks treble damages and attorneys' fees under this Act. See Compl. ¶¶ 64-66.

2

$75,000, exclusive of interest and costs." 28 U.S.C. § 1332.

28 U.S.C. § 1332(a) provides in relevant part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
>
> (1) citizens of different States.

28 U.S.C. § 1332(a).

**B. Motion to Dismiss**

Pursuant to Federal Rule of Civil Procedure 12(b)(1), when "considering a motion to dismiss for lack of subject matter jurisdiction, the person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of the litigation." Fed. Realty Inv. Trust v. Juniper Props. Group, No. 99-3389, 2000 WL 45996, at *3 (E.D. Pa. Jan. 21, 2000) (citing Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1045 (3d Cir. 1993)). The district court, when reviewing a motion to dismiss for lack of subject matter jurisdiction, "must accept as true the allegations contained in the plaintiff's complaint, except to the extent federal jurisdiction is dependent on certain facts." Id. (citing Haydo v. Amerikohl Mining, Inc., 830 F.2d 494, 496 (3d Cir. 1987)). The district court is not confined to the face of the pleadings when deciding whether subject matter jurisdiction exists. Id. (citing Armstrong World Indus. v. Adams, 961 F.2d 405, 410 n.10 (3d Cir. 1992)). "In assessing a Rule 12(b)(1) motion, the parties may submit and the court may consider affidavits and other relevant evidence outside of the pleadings." Id. (citing Berardi v. Swanson Mem'l Lodge No. 48 of Fraternal Order of Police, 920 F.2d 198, 200 (3d Cir. 1990)). In the case where the defendant attacks jurisdiction with supporting affidavits, "the plaintiff has the burden of responding to the facts so stated." Id. "A conclusory response or a

3

restatement of the allegations of the complaint is not sufficient." Id. (citing Int'l Ass'n of Machinists & Aerospace Workers v. N.W. Airlines, Inc., 673 F.2d 700, 711 (3d Cir. 1982)).

## III. DISCUSSION

Defendants assert that this Court lacks subject matter jurisdiction because the amount in controversy does not exceed $75,000. (Defs.' Mot. at 4.) Defendants argue that Tepper is not entitled to damages under the UTPCPL, 73 Pa.C.S.A. § 201-1 *et seq.*, because Tepper did not purchase goods "primarily for personal, family or house purposes." 73 Pa.C.S.A. § 201-9.2(a). (Id.) Defendants also claim that the landlord of a residential rental property may not bring a cause of action under the UTPCPL as a representative of its tenants citing DiLucido v. Terminix Intern., Inc., 676 A.2d 1237, 1242 (Pa. Super. Ct. 1996).[3] (Id. at 5.) Defendants, thus, maintain that "as a matter of law [Tepper] will not ultimately succeed on its UTPCPL claim," and is not entitled to an award of treble damages or attorneys' fees under the UTPCPL. (Id. at 6.) In addition, Defendants assert that Tepper's claim for breach of implied warranty of workmanlike construction fails as a matter of law. (Id. at 6-7.) For these reasons, Defendants argue that the amount in controversy does not exceed $75,000.

Defendants' arguments, however, are misplaced. Defendants' assertions that Plaintiff's causes of action under the UTPCPL and breach of implied warranty would not "ultimately succeed as a matter of law" are arguments that are properly made in a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "for failure to state a claim upon which relief can be granted." See Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Federal Rule of

---

[3] In DiLucido, the Court held that a landlord was not entitled to protection under the UTPCPL because the landlord was not attempting to bring the action on behalf of her tenants, but instead, sought recovery "as the owner of rental income property." Id. at 1242.

4

Civil Procedure 12(b)(6) tests the sufficiency of a complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). Under Rule 12(b)(6), the defendant bears the burden of demonstrating that the plaintiff has not stated a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); see also Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).

Defendants' current Motion is brought pursuant to Federal Rule 12(b)(1) for lack of jurisdiction. A district court's determination of the amount in controversy begins with a reading of the complaint. Samuel-Bassett, 357 F.3d at 398; see also Angus v. Shiley Inc., 989 F.3d 142, 145 (3d Cir. 1993) (asserting that the amount of controversy is generally decided from the face of the complaint). In this case, we look to the State Complaint filed by Tepper against Katona and Perna. When a complaint does not explicitly limit a plaintiff's damages to an amount under the federal diversity threshold, a district court must independently appraise the value of the claims. See Angus, 989 F.2d at 146. This is measured by "a reasonable reading of the value of the rights being litigated." Id.; see also Judon v. Travelers Property Cas. Co. of America, 773 F.3d 495, 507 (3d Cir. 2014). Estimations of the total damage must be realistic, and the inquiry into whether the amount is met "should be objective, and not based on fanciful, 'pie-in-the-sky,' or simply wishful amounts, because otherwise the policy to limit diversity jurisdiction will be frustrated." Samuel-Bassett, 357 F.3d at 403.

As noted earlier, guided by the above case law, we denied Tepper's prior Motion to Dismiss for Lack of Jurisdiction finding that the amount in controversy in this action exceeds $75, 000. See Frederick Mut. Ins. Co., 2015 WL 2417742, at *1-2. For the same reasons stated in that decision, which we will not reiterate here, we again find that the amount in controversy in this matter is in excess of $75,000. Id.

## IV. **CONCLUSION**

In light of the aforementioned findings, we hold that the amount in controversy in this action exceeds $75,000, and the requirements for federal jurisdiction have been satisfied. Consequently, Defendants' Motion to Dismiss for Lack of Jurisdiction is denied.

An appropriate Order follows.